**John KENDUS, Plaintiff**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant**

**No. CIV.A. 02–7446.**

United States District Court, E.D. Pennsylvania.

Feb. 28, 2003.

Shelly Farber, Media, PA, for Plaintiffs.

Nicholas Cerulli, Patricia Anne McCracken, Social Security Administration, Philadelphia, PA, for Defendants.

## *MEMORANDUM & ORDER*

KATZ, Senior District Judge.

Plaintiff brings the above-title action seeking judicial review of the Social Security Administration's denial of his claim for disability benefits. Now before the court is defendant's motion to dismiss. Because the plaintiff filed his complaint after the sixty-day time period set forth in 20 C.F.R. § 422.210(a), the defendant's motion is granted.

### *I.  Background*

On January 24, 1994, Mr. Kendus filed an application for disability insurance benefits. After the Commissioner denied his application at the initial and reconsideration levels of review, plaintiff requested a hearing by an administrative law judge (ALJ). Following a hearing on September 2, 1999, the ALJ issued a decision denying the plaintiff's application for disability benefits on October 4, 1999. Plaintiff filed a request for review of the ALJ's decision on October 28, 1999, and the Appeals Council denied Plaintiff's request for review on July 17, 2002. The plaintiff acknowledges

in his complaint that he received the Appeals Council's notice denying his request for review on July 22, 2002. On September 24, 2002, Mr. Kendus filed his complaint seeking review of the Council's decision.

## II. Discussion

Following a final decision by the Social Security Administration, an individual "may obtain a review of such decision by a civil action commenced within sixty days after mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). Under 20 C.F.R. § 422.210(c),

> Any civil action ... must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is *received* by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause.

(Emphasis added). Furthermore, "the date of notice ... shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary". Id.

In this case, plaintiff admits in his complaint that he received the Appeals Council's notice on July 22, 2002—five days after the date of the Council's decision. However, the plaintiff filed his civil action sixty-two days after receiving notice. Furthermore, there is no evidence that plaintiff ever requested, or that the Commissioner granted, an extension of time in which Plaintiff could commence a civil action in this case.

In *Bowen v. City of New York*, the Supreme Court noted that courts could extend the sixty day period only in cases "where the equities in favor of tolling the limitations period are so great that defer-

ence to the Agency's judgment is inappropriate." 476 U.S. 467, 480, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). In the instant case, the plaintiff has failed to show that circumstances favor equitable tolling in the instant case.

## III. Conclusion

An appropriate Order follows.

### ORDER

**AND NOW,** this 28th day of February, 2003, upon consideration of defendant's Motion to Dismiss, it is hereby **ORDERED** that the motion is **GRANTED.**